IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMELIA PATRICIA CROWELL,           )
                                   )
              Plaintiff,           )
                                   )
       v.                          )        No. 09 C 01921
                                   )
BANK OF AMERICA PENSION PLAN       )
FOR LEGACY COMPANIES and BANK      )
OF AMERICA CORPORATION,            )
                                   )
              Defendants.          )

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Before this court is plaintiff Amelia Patricia Crowell's ("Crowell") "Motion to Spread the

Record." (Dkt. No. 27.) For the reasons stated below, Crowell's motion is granted.

BACKGROUND

In this ERISA lawsuit, Crowell alleges that she is entitled to certain pension benefits from

defendants Bank of America Pension Plan for Legacy Companies ("BAC Pension Plan") and Bank

of America Corporation ("BAC") (together "Defendants"). (Dkt. No. 6 ("Am. Compl.") ¶ 4.)

Crowell claims that her entitlement is based on (1) the terms of the BAC Pension Plan, (2) a

subsequent course of mailings that modified the terms of the BAC Pension Plan, or (3) a theory of

estoppel. (Am. Compl. ¶¶ 17-19.) On November 25, 2008, Defendants' "Benefits Appeals

Committee" denied Crowell's claim to benefits on the grounds that Crowell was not a participant

who accrued a benefit under the terms of the BAC Pension Plan. (Am. Compl. ¶¶ 10, 14.)

Through her "Motion to Spread the Record" (Dkt. No. 27), Crowell seeks to supplement

the record with two letters she received in late 2009. (Dkt. No. 27, Ex. A ("11/5/2009 Letter") and

Dkt. No. 33, Ex. A ("12/8/2009 Letter") (collectively "Letters").)  These Letters are both addressed to Crowell from the "Bank of America Personnel Center" and they each state, "Our records indicate that you have a benefit due from the Bank of America Pension Plan."  The Letters further note that Crowell's benefits "will automatically be paid to [her]" if she fails to contact the Bank of America Personnel Center by January 8, 2010.

## ANALYSIS

1.  Standard of Review

As the court explained in its February 22, 2010 order requesting further briefing, "[t]he question of whether to supplement the record depends, in large part, on the standard of review this court will be applying to Crowell's claim for benefits."  (Dkt. No. 35 at 2.)  Generally, "[t]he standard of review of a Plan Administrator's decisions regarding benefits depends on whether the Plan Administrator was given the discretion to make those decisions."  *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 629 (7th Cir. 2004).  The Supreme Court has held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  It has been consistently held that "there are no 'magic words' determining the scope of judicial review" in ERISA cases.  *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 331 (7th Cir. 2000).  Rather, the focus is on whether the plan "contain[s] language that . . . indicates with the requisite if minimum clarity that a discretionary determination is envisaged."  *Id.*  If such notice is clear from the plan language, the appropriate review is the more deferential "arbitrary and capricious" standard.  *Black v. Long Term Disability Ins.*, 582 F.3d 738, 744 (7th Cir. 2009).

In this case, the BAC Pension Plan provides that "the Committee has, among its many powers, the full, conclusive and exclusive power and discretion to interpret and construe the terms and conditions of the Plan." (Dkt. No. 39, Ex. A § 9.1.)  This language provides the very type of discretionary authority to the committee described by the Supreme Court in the *Firestone Tire* case "to construe the terms of the plan." *Firestone,* 489 U.S. at 115.  Furthermore, the above-quoted language gives BAC employees adequate notice that "the plan administrator is to make a judgment largely insulated from judicial review." *Herzberger,* 205 F.3d at 332.  In the words of the Seventh Circuit, the language of the BAC Pension Plan "communicate[s] the idea that the administrator . . . has the power to interpret the rules, to implement the rules, and even to change them entirely." *Diaz v. Prudential Ins. Co. of Am.*, 424 F.3d 635, 639 (7th Cir. 2005).

Crowell argues that because the BAC Pension Plan does not contain the "safe harbor" language of *Herzberger* it is insufficient to confer discretionary authority.  (Dkt. No. 40 ¶¶ 2-6.)  This court disagrees.  In *Herzberger*, the Seventh Circuit approved optional "safe harbor" language for ERISA agreements that would ensure the recognition of a deferential standard of review. *Herzberger,* 205 F.3d at 331.  However, *Herzberger* specifically states that the "safe harbor" language it articulated is not mandatory and no "magic words" are necessary to find that a deferential arbitrary and capricious standard of review applies. *Id.*  Because no specific words are necessary to convey "that a discretionary determination is envisaged," *id.* at 331, Crowell's "safe harbor" argument fails.

Crowell further argues that the language in the BAC Pension Plan "does not confer sufficient discretion to entitle Defendants to a deferential standard of review."  (Dkt. No. 40 ¶ 11.)  Crowell cites *Diaz* in support of this argument, but this court finds *Diaz* to be distinguishable.  In *Diaz*, the Seventh Circuit noted that "the critical question is whether the plan gives the employee

3

adequate notice that the plan administrator is to make a judgment within the confines of pre-set standards, or if it has the latitude to shape the application, interpretation, and content of the rules in each case." *Diaz*, 424 F.3d at 639-40. The *Diaz* court found that the plan administrator was constrained within the "confines of pre-set standards" where the plan language (requiring proof of continuing disability "satisfactory to [the insurer]") only provided discretion as to "what *forms* of proof must be submitted with a claim." *Id.* at 638-39 (emphasis in original). As discussed above, this court finds that the BAC Pension Plan clearly conveys that the plan administrator has broad discretion to interpret and construe the terms of the plan as a whole. The language of the BAC Pension Plan therefore confers sufficient discretion upon the plan administrator that this court must apply the "arbitrary and capricious" standard of review to any decision exercising this discretion.

Finally, Crowell contends that her post-filing receipt of the Letters, together with her "desperate hope" that the BAC Pension Plan had altered its position, constitute "extreme circumstances" requiring *de novo* review. (Dkt. No. 40 ¶ 18.) To the extent Crowell asserts that these circumstances should alter the court's review of the Benefits Appeals Committee's interpretation of the terms and conditions of the BAC Pension Plan, the court disagrees. Crowell cites two cases to support her position that "affirmative acts of fraud" constitute extraordinary circumstances requiring *de novo* review. (*Id.* ¶ 18-19 (citing *Pell v. E.I. Du Pont de Nemours & Co.*, 539 F.3d 292, 303-04 (3rd Cir. 2008) and *Lewalski v. Sanlo Mfg. Co.,* No. 3:08-cv-311, 2009 WL 1370950, at *14-18 (E.D. Ind. May 14, 2009)).) However, neither of these cases discuss the applicable standard of review or issues regarding supplementation of the record.

Because the language of the BAC Pension Plan clearly indicates that Defendants have reserved discretion "to interpret and construe the terms and conditions of the [BAC Pension] Plan," the court will apply the "arbitrary and capricious" standard of review to the Benefits Appeals

Committee's decision.

2.      Crowell's Estoppel Claim

Having determined the proper standard of review to be applied under the language of the

BAC Pension Plan, the court now considers whether Crowell's atypical claims warrant expansion

of the record.  In her Amended Complaint, Crowell has alleged that the terms of the BAC Pension

Plan were "modified by a subsequent course of dealings that is supported by written evidence" in

the form of documents Crowell received "[d]uring the last 20 years up until the present time . . .

inform[ing] Plaintiff that she was an employee and participant" in the relevant employee plans.

(Am. Compl. ¶¶ 17, 11.)  To the extent that these documents misrepresent that Crowell is a

participant in the BAC Pension Plan, Crowell argues Defendants should be barred from denying

her benefits under a theory of estoppel.  (*Id.* ¶ 19.)  Crowell alleges that the Letters are additional

evidence of Defendants' course of conduct.  (*See* Dkt. No. 27 ¶ 5.)  On September 25, 2009, the

court denied Defendants' motion to dismiss Crowell's estoppel claim, allowing this claim to

proceed through discovery.  (Dkt. No. 24.)

As discussed above, the court will review the Benefits Appeals Committee's November 25,

2008 decision for an abuse of discretion as it pertains to Defendants' interpretation of the terms and

conditions of the BAC Pension Plan.  However, the court is not likewise constrained in considering

Crowell's estoppel claim.  First, the court finds that the language of the BAC Pension Plan does

not suggest that Defendants were granted clear discretion to address equitable claims.  Decisions

balancing equities are historically within the province of the court.  *See Vallone*, 375 F.3d at 630

(the merits of an estoppel claim require a determination of "whether the equities of the situation

require[ ] [the defendant plan] to honor any non-legally-binding representations it may have

made").  The plain language of the BAC Pension Plan only grants Defendants the discretion "to

interpret and construe the terms and conditions of the [BAC Pension] Plan." (Dkt. No. 39, Ex. A §
9.1.) This language does not suggest that Defendants' decisions regarding the *fairness* of their own
benefits determinations are likewise insulated from judicial review.

Second, even if deferential review of equitable claims is appropriate in some situations,
deferential review is not appropriate in this case because the Benefits Appeals Committee did not
actually consider Crowell's estoppel argument. Defendants cite *Silva v. Fortis Benefits Ins. Co.*,
437 F. Supp. 3d 819 (N.D. Ill. 2006) (Cole, M.J.), *Bingham v. CNA Fin. Corp*, 408 F. Supp. 2d 563
(N.D. Ill. 2005) (Moran, J.), and *Jacobs v. Xerox Corp. Long Term Disability Income Plan*, 356 F.
Supp. 2d 877 (N.D. Ill. 2005) (Filip, J.), in support of their argument that in ERISA cases equitable
estoppel claims are limited to review of the administrative record. These cases all involved
benefits plans that actually provided "avenues for development of the estoppel claim at the
administrative level." *Silva*, 437 F. Supp. 3d at 830; *see also Jacobs*, 356 F. Supp. 2d at 892 ("[i]f
presented, the argument might have led to an informal resolution of the matter"). In this case, the
Benefits Appeals Committee did not actually consider Crowell's estoppel argument. Rather, the
Benefits Appeals Committee stated "[t]here are *no exceptions* to the terms of the Plan." (Dkt. No.
43, Ex. A at D-002 (emphasis added).) Because the Benefits Appeals Committee cannot be
considered to have "exhaustively considered and punctiliously addressed the plaintiff's estoppel
claim," *Silva*, 437 F. Supp.3d at 830, Crowell's estoppel claim "is not actually an appeal of a
decision of the Plan Administrator," *Vallone*, 365 F.3d at 639, and is not entitled to deferential
review.

Finally, Defendants have consistently argued that the court cannot consider the Letters in
relation to Crowell's estoppel claim, because the Letters were not presented to the Benefits
Appeals Committee. (*See* Dkt. No. 32 at 2-3; Dkt. No. 39 at 5-6; Dkt. No. 43 at 5-6.) Based on the

above-quoted language from the November 25, 2008 denial of benefits, the court finds that requiring Crowell to present the Letters to the Benefits Appeals Committee would have been futile. *Stark v. PPM Am., Inc.*, 354 F.3d 666, 671 (7th Cir. 2004).

<u>CONCLUSION</u>

Because the Letters are relevant to Crowell's equitable estoppel claim, which the court reviews *de novo*, Crowell's motion to supplement the record is granted. The court reserves judgment as to the appropriate weight to give the Letters, if any, until a ruling on the merits of Crowell's estoppel claim. Defendants' request "that the Court permit them to submit evidence as to the origin of these letters and evidence that they were sent to Plaintiff in error" (Dkt. No. 43 at 5) is granted. The case is set for a scheduling conference on May 27, 2010 at which time a schedule for the remainder of the litigation will be set. The parties are encouraged to discuss settlement.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: May 12, 2010